## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, 201 Maryland Avenue, NE Washington, DC 20002, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case Action No. 23-cv- |
| FEDERAL BUREAU OF INVESTIGATION, 935 Pennsylvania Avenue, NW Washington, DC 20535, | ) ) ) ) | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff American Center for Law and Justice ("ACLJ"), by and through counsel, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure of the Federal Bureau of Investigation ("FBI") to issue a determination as to Plaintiff's FOIA request within the statutorily prescribed time period, and seeking the disclosure and release of agency records improperly withheld by Defendant. In support thereof, Plaintiff alleges and states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA, and Plaintiff has exhausted its administrative remedies.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

3.      This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

4.      This Court has authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5.      Plaintiff, with an office at 201 Maryland Avenue, N.E., Washington, DC 20002, is a not-for-profit 501(c)(3) organization dedicated to the defense of constitutional liberties secured by law. Plaintiff's mission is to educate, promulgate, conciliate, and where necessary, litigate, to ensure that those rights are protected under the law. Plaintiff also regularly monitors governmental activity with respect to governmental accountability. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its dedication to the rule of law and public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

6.      Defendant FBI is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1), and is a component of the United States Department of Justice (DOJ), which is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). Defendant FBI is headquartered at 935 Pennsylvania Avenue, NW, Washington, DC 20535.

7.      Defendant FBI has possession, custody and control of the records Plaintiff seeks.

## FACTUAL ALLEGATIONS

8.      On February 10, 2023, Plaintiff submitted a written request to Defendant FBI's Record/Information Dissemination Section ("RIDS") in accordance with 5 U.S.C. § 552. *See* Pl.'s FOIA Requests to FBI, Ex. A, incorporated by reference as if fully set forth herein.

2

9.      To summarize, the Plaintiff requested records pertaining to the RBI's Richmond field office's shocking memo describing "radical traditionalist Catholic (RTC) ideology," assessing "a growing overlap between the far-right white nationalist movement and RTCs," identifying these Catholics as "anti-Semitic," and warning that their language, symbols, and places of worship, as well as "hostility to abortion-rights advocates," are apparent indicators of a possible threat, and related records, going back to January 1, 2022. Pl.'s FOIA Requests to FBI, Ex. A.

10.     Plaintiff provided pertinent information in its Request as required by the relevant regulation: "Pursuant to FBI FOIA regulation 6 C.F.R. §5.3(b), this Background addresses 'the date, title or name, author, recipient, and subject matter of the record[s]' requested, to the extent known." Pl.'s FOIA Requests to FBI, Ex. A.

11.      The Defendant FBI apparently split the Plaintiff ACLJ's FOIA request into two parts.

**FOIPA Request No. 1582419-000 (419)**

12.     On February 22, 2023, the Defendant acknowledged receipt of Plaintiff's FOIPA Request No. 1582419-000. The Acknowledgement stated, in part: "This acknowledges receipt of your Freedom of Information/Privacy Act (FOIPA) request to the FBI." It also stated: "Your request has been received at FBI Headquarters for processing." *See* FBI Acknowledgement 419 attached as Exhibit B.

13.     On February 23, 2023, the Defendant sent the Plaintiff a letter stating that "unusual circumstances" applied to the processing of the Plaintiff's FOIPA Request No. 183614-000 which will delay the Defendant's ability to make a determination within the statutory time frame of 20 days (excluding weekend and legal public holidays) and may necessitate the payment of pertinent fees. "Unusual circumstances" include one or more of the following: a need to search for and

collect records from field officers and/or other offices that are separate from RIDS, a need to search for, collect, and examine a voluminous amount of separate and distinct records, and/or a need for consultation with another agency or two or more DOJ components. *See* FBI Unusual Circumstances Letter 419 attached as Exhibit C.

14.     According to the FBI's letter, "The application of 'unusual circumstances' is not a determination of how the FBI will respond to your substantive request, this letter provides notice that these 'unusual circumstances' apply to processing and delay the determination of your request." *Id.*

### *FOIPA Request No.183614-000 (614)*

15.     On February 23, 2023, the Defendant acknowledged receipt of Plaintiff's FOIPA Request No. 183614-000. The Acknowledgement stated, in part: "This acknowledges receipt of your Freedom of Information/Privacy Act (FOIPA) request to the FBI." It also stated: "Your request has been received at FBI Headquarters for processing." *See* FBI Acknowledgement 614 attached as Exhibit D.

16.     On February 23, 2023, the Defendant sent the Plaintiff a separate letter stating that "unusual circumstances" applied to the processing of the Plaintiff's FOIPA Request No. 183614-000 which will delay the Defendant's ability to make a determination within the statutory time frame of 20 days (excluding weekend and legal public holidays) and may necessitate the payment of pertinent fees. "Unusual circumstances" include one or more of the following: a need to search for and collect records from field officers and/or other offices that are separate from RIDS, a need to search for, collect, and examine a voluminous amount of separate and distinct records, and/or a need for consultation with another agency or two or more DOJ components. *See* FBI Unusual Circumstances Letter 614 attached as Exhibit E.

17.     According to the FBI's letter, "The application of 'unusual circumstances' is not a determination of how the FBI will respond to your substantive request, this letter provides notice that these 'unusual circumstances' apply to processing and delay the determination of your request." *Id.*

18.     As of May 23, 2023, Defendant has neither sent a determination nor produced any documents.

19.     In regards to the Plaintiff's requests, as of May 23, 2023, the Defendant's FOIPA system states, "The FBI's FOIPA Program has identified potential responsive information to your request(s) and awaits assignment to a Government Information Specialist (GIS) for further processing." *See* FBI FOIPA Status attached as Exhibit F.

## CAUSE OF ACTION

### COUNT I
### Violation of the Freedom of Information Act

16.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully stated herein.

17.     The FOIA establishes a 20-day deadline by which a federal agency must make and issue a decision regarding compliance with a request for records made pursuant to the statute. 5 U.S.C. § 552(a)(6)(A)(i).

19.     Using the date most generous to the FBI, the Defendant's 20-day period commenced February 22, 2023, and expired on March 21, 2023.

20.     As of the date of this Complaint, the Defendant has failed to issue a determination and the reasons therefore, produce any records responsive to the requests, indicate when any responsive records will be produced, or demonstrate that responsive records are exempt from production.

21.    The FOIA permits a federal agency, in unusual circumstances, to extend the 20-day response deadline for a period not to exceed ten (10) additional business days. 5 U.S.C. § 552(a)(6)(B)(i). The FOIA states that such an extension must set forth "the date on which a determination is expected to be dispatched," which shall not be "a date that would result in an extension for more than ten working days." *Id*.

22.    Defendant did not provide a date on which a determination is expected to be dispatched when advising the Plaintiff that unusual circumstances would apply to the processing of its FOIPA Request No. 1582419-000.

23.    Defendant did not provide a date on which a determination is expected to be dispatched when advising the Plaintiff that unusual circumstances would apply to the processing of its FOIPA Request No. 1583614-000.

24.    Assuming arguendo that the Defendant FBI's attempt to trigger the additional 10 business days was lawful and correct, the Defendant's 10-day extension period commenced March 22, 2023, and expired on April 4, 2023.

25.    As of the date of this Complaint, the Defendant has failed to advise Plaintiff of a determination and the reasons therefor, produce any records responsive to the requests, indicate when any responsive records will be produced, or demonstrate that responsive records are exempt from production and failed to meet the April 4, 2023 deadline.

26.    Defendant did not comply with the clear statutory requirements to trigger the extension provided by 5 U.S.C. § 552(a)(6)(B). But even assuming arguendo that it did, and that the FBI's stated "unusual circumstances" grounds are accurate, the extended time has long since passed.

27.     Plaintiff has a statutory right to have Defendant process Plaintiff's FOIA request in a timely manner and in accordance with the requirements set forth in 5 U.S.C. § 552(a)(6).

28.     The Defendant is unlawfully withholding records requested by the Plaintiff American Center for Law and Justice pursuant to the FOIA, 5 U.S.C. § 552.

29.     The FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

30.     Through continued delay, no provision of a determination and the reasons therefor, no provision of an expected date of determination, outright failure to properly respond to Plaintiff's lawful request for records, and its improper withholding of such requested records, the Defendant has failed to comply with FOIA's prescribed deadlines for responding to a request for records and has violated Plaintiff's statutory rights.

31.     Pursuant to 5 U.S.C. § 552(a)(6)(C), because the Defendant failed to comply with the time limit and requirements set forth in 5 U.S.C. § 552(a)(6)(A) (*i.e.*, failed to issue a determination and the reasons therefore), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request.

32.     Plaintiff is being irreparably harmed by reason of the Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless the Defendant is compelled to conform its conduct to the requirements of the law.

33.      The FOIA imposes no limits on courts' equitable powers in enforcing its terms, and this Court should exercise its equitable powers to compel the Defendant to comply with the clear  requirements of the FOIA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against the

Defendant, and provide Plaintiff with the following relief:

(a)     An Order that the Defendant conduct a diligent, expedited search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed reasonable search methods most technologically likely to lead to the discovery of records responsive to Plaintiff's FOIA request, selected from among those methods available to Defendant;

(b)     An Order that the Defendant produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

(c)     An Order enjoining the Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(d)     A declaration that the Defendant's actions violated Plaintiff's statutory rights under 5 U.S.C. § 552;

(e)     An Order awarding to Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

(f)     An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.

Dated: May 24, 2023.                    Respectfully submitted,

                                        THE AMERICAN CENTER FOR LAW AND JUSTICE

JAY ALAN SEKULOW                        /s/ *John A. Monaghan*
   (D.C. Bar No. 496335)                JOHN A. MONAGHAN
   *COUNSEL OF RECORD*                     (D.C. Bar. No. VA109)
JORDAN SEKULOW                          BENJAMIN P. SISNEY
   (D.C. Bar No. 991680)                   (D.C. Bar. No. 1044721)
STUART J. ROTH                          201 Maryland Avenue, N.E
   (D.C. Bar No. 475937)                Washington, D.C.  20002
*Counsel for Plaintiff*                 Telephone: (202) 546-8890
                                        Facsimile: (202) 546-9309
                                        Email: bsisney@aclj.org
                                        Email: jmonaghan@aclj.org
                                        *Counsel for Plaintiff*